IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT COURT OF MARYLAND, NORTHERN DIVISION

ANTONIO AMOS,                      *

    Petitioner,                *

    v.                         *    CIVIL NO.:     WDQ-07-1800
                                        CRIMINAL NO.:  WDQ-06-0249
UNITED STATES OF AMERICA,          *

    Respondent.                *

*    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Pending is Antonio Amos's *pro se* motion to vacate, set
aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The
Court has reviewed the record and determined that no evidentiary
hearing is necessary.  *See* Rule 8 of the Rules Governing § 2255
Proceedings.  For the following reasons, Amos's motion will be
denied.

I.  Background

On May 30, 2006, Amos was indicted for possession with
intent to distribute a controlled substance in violation of 21
U.S.C. §§ 841(a)(1) and (b)(1)(B), being a felon in possession of
firearms in violation of 18 U.S.C. § 922(g)(1), and being a felon
in possession of body armor in violation of 18 U.S.C. §
931(a)(2).  On August 28, 2006, Amos pled guilty to the narcotics
charge.  Resp't Ex. A and Ex. B.  Under his plea agreement, Amos
reserved the right to argue for a downward departure based on his

1

diminished capacity.  *See* Plea Agreement ¶ 8.  On November 8,
2006, Amos submitted character letters and a psychiatric
evaluation in support of his argument for a lesser sentence.

Amos's sentencing hearing was held on November 14, 2006.
The Court denied Amos's request for a departure, and sentenced
him to 108 months imprisonment.  Paper No. 17.  On April 25,
2007, the Fourth Circuit dismissed Amos's appeal based on the
appeal waiver in his plea agreement.  Paper No. 26.

On July 3, 2007, Amos filed this motion to vacate, set
aside, or correct his sentence.  Amos's § 2255 motion states
three grounds for relief: (1) ineffective assistance of counsel,
(2) improper sentencing, and (3) failure to be assigned new
counsel.  Paper No. 29.

II.  Analysis

A. Ineffective Assistance of Counsel

Amos argues that his counsel: (1) failed to provide the
Court with all his family's letters of support; (2) misguided him
about the consequences of the plea agreement; and (3) failed to
consider evidence he provided or call any of his witnesses.[1]

---

[1] Amos has presented 11 separate claims of ineffective
assistance of counsel.  Many of these claims are without merit.
The Court recognizes that allegations in *pro se* complaints should
be liberally construed.  *De'Lonta v. Angelone*, 330 F.3d 630, 633
(4th Cir. 2003).  Thus, the Court has addressed Amos's
contentions that go beyond mere assertions.  The following claims
are without merit: failure to research the Mental Health and
Hygiene Act to help Amos get treatment, telling Amos that the
legal system is corrupt, counsel's concern with getting Amos

2

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance of counsel, Amos must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.  *Id.* at 687.  Amos must establish that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  Amos must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688.  This scrutiny is highly deferential. *Id.* at 689.

1.  Sentencing

Amos contends that his counsel failed to provide the Court with all his family's letters supporting a departure from the sentencing guidelines.  The Government counters that counsel provided the Court with comprehensive materials before sentencing.  The Government asserts that Amos received a

---

convicted, discussing Amos's case with his state-appointed attorney and convincing her to tell Amos that he should plead, and failure to determine if Amos would receive treatment while incarcerated.  Amos also argues that his attorney improperly advised him not to contact Internal Affairs about police misconduct; this was a tactical decision and will not be second-guessed by the Court. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam).

guidelines sentence because of his violent criminal record not because of counsel's deficient performance.  Thus, additional materials would not have affected Amos's sentence.

Amos's counsel was not deficient.  The record establishes that Amos's counsel provided the Court with four letters from family friends and a psychiatric report, allocuted about Amos's mental health, and advised Amos to speak on his own behalf.

Even if counsel had failed to provide the Court with all his letters, Amos was not prejudiced.  After reviewing Amos's submissions and hearing from Amos and his attorney, the Court decided against a downward departure because of Amos's violent criminal record.  *See* Sentencing Hearing 21:1-5.  Thus, as the Government asserts and the Court finds, any additional materials would not have affected Amos's sentence.

2.   Plea Agreement

Amos contends that his attorney misguided him about the consequences of the plea agreement.  Amos complains that his counsel rushed him into taking the plea agreement because he did not want to go to trial.  Pet'r Br. at 5.  Amos also argues that his counsel misled him and his family that if he accepted the guilty plea he would receive a lenient sentence.  *Id.*  Moreover, Amos asserts that his counsel stated that he would receive less time by accepting the plea agreement because the firearm charges would be dropped.  *Id.*

4

*Strickland* governs these ineffective assistance claims. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  In examining a guilty plea, the Court asks "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  The voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

The defendant must also demonstrate "prejudice" based on the ineffective assistance of counsel. *Lockhart*, 474 U.S. at 58.  To satisfy the "prejudice" requirement, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The representations of the defendant, his lawyer, and the prosecutor at the plea hearing, and findings made by the judge accepting the plea, constitute a barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 494 (1962).

5

The record establishes that Amos knowingly and voluntarily entered the plea agreement.  At the Rule 11 plea hearing, the Court asked Amos if--outside of the plea agreement--anyone had made any predictions or representations about the sentence he would receive, and he replied "no".  Rule 11 Hearing 12:21-24.  The Court also gave Amos an opportunity to state deficiencies in his counsel's performance, and he declined.  Rule 11 Hearing 7:25, 8:1-12.  The Government also summarized major provisions of the agreement, including the Sentencing Reform Act and the advisory guidelines range, and Amos stated that he had discussed the terms with his lawyer and understood them.  Rule 11 Hearing, 12:9-12.  The plea agreement also indicates that Amos was satisfied with his attorney, understood the sentencing guidelines, and knowingly and voluntarily pled guilty.  Plea Agreement at 8.  As Amos's allegations contradict the record, he has failed to demonstrate that his guilty plea was involuntary.

Amos also complains that he did not receive a lenient sentence despite his attorney's assurances.  Amos's counsel properly advised him about the effects of accepting the plea agreement.  Under the agreement, his exposure was significantly reduced when the two firearm charges were dismissed.

3.   Consideration of Evidence and Witnesses

Amos argues that his counsel did not consider the evidence he provided and failed to call any of his witnesses.  When a

defendant accepts a plea agreement, he forfeits his rights to a
jury trial, and the presentation of evidence.  The plea agreement
indicates, and the Court explained, that by accepting the guilty
plea Amos would relinquish his right to a jury trial, including
the right to call witnesses and present evidence.

B.   Improper Sentencing

Amos contends that the Court did not consider his mental
health and stability at sentencing.  Amos also complains that the
Court's reliance on his previous crimes, rather than his mental
health, was improper.  The Government counters that the Court did
review Amos's materials on his mental health, but found no basis
for a departure from the sentencing guidelines.

Amos's plea agreement expressly bars his right to appeal his
sentence.  Plea Agreement ¶ 13.  "If a defendant pleads guilty,
and expressly waives the statutory right to raise objections to a
sentence, he may not then appeal the very sentence which was part
of the agreement." *United States v. Sheffer*, 896 F.2d 842, 847
(4th Cir. 1990).

The record establishes that Amos's waiver was knowing and
intelligent.  The plea agreement expressly states that the
defendant had knowingly and expressly "waive[d] any right to
appeal from any sentence within or below the advisory guidelines
range."  Plea Agreement ¶ 13.  At the Rule 11 Hearing, the Court
established that the defendant was competent and represented by

7

counsel, and that Amos had discussed the plea agreement with his lawyer.  Rule 11 Hearing 5-7.  *United States v. Broughton-Jones*, 71 F.3d 1143 (4th Cir. 1995) (If the court fully questions a defendant regarding waiver of appeal during a Rule 11 colloquy, the waiver is valid and enforceable.).  Also, the Government summarized the major provisions of the plea agreement, including waiver of his right to appeal the sentence, Rule 11 Hearing 10:22-25, and Amos assured the Court that he understood.  Rule 11 Hearing 11:1.  The Court also questioned Amos about the voluntariness of his plea, and he testified that no one had forced him to enter the agreement.  Rule 11 Hearing 12:18-20.  Amos's waiver was knowing and voluntary.  Accordingly, he has waived the right to appeal the sentence.

C.   Selection of Counsel

Amos argues that the Federal Public Defender's Office failed to appoint substitute counsel for him.  Specifically, Amos complains that he discovered that his counsel was new and inexperienced, and requested substitute counsel, but was denied.  Amos also asserts that he informed his court-appointed counsel that he had obtained a private attorney, and that his court-appointed counsel contacted the attorney and informed him that he would represent Amos.

An indigent defendant has no right to a particular lawyer and can demand a different attorney only for good cause.  *United*

*States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988).  The record establishes that Amos's counsel adequately represented him.

III. Conclusion

For the reasons discussed above, Amos's motion to vacate, set aside, or correct his sentence will be denied.


September 14, 2007                          _____/s/_____
Date                                        William D. Quarles, Jr.
                                            United States District Judge

9